THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEVIN CAMPBELL,

          Petitioner,

    v.

UNITED STATES OF AMERICA,

          Respondent.

CASE NO. C18-0274-JCC

ORDER

This matter comes before the Court on Petitioner Kevin Campbell's second motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Dkt. No. 1). For the reasons set forth herein, the Court DISMISSES the motion with prejudice.

A prisoner normally has only one opportunity to file a habeas petition. *See United States v. Lopez*, 577 F.3d 1053, 1055 (9th Cir. 2009). The only exception is when the Court of Appeals certifies that a second or successive motion contains:

    (1)  newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

    (2)  a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Before a petitioner can file a second or successive habeas petition in the district court, the petitioner must move in the Court of Appeals for certification. 28 U.S.C.

ORDER
C18-0274-JCC
PAGE - 1

§ 2244(b)(3)(A). This requirement is jurisdictional; without certification, the district court lacks the authority to hear a second petition. *Lopez*, 577 F.3d at 1061.

Petitioner has already filed a habeas petition, which this Court denied. *See United States v. Campbell*, C17-0025-JCC, Dkt. Nos. 51, 60 (W.D. Wash. 2017) (the Court treated Petitioner's motion to withdraw his guilty plea after he was sentenced and judgment was issued as a petition brought pursuant to 18 U.S.C. § 2255). Petitioner has made no showing that he moved for certification under § 2244 for the current petition or that he obtained such certification. Nor does the Court expect such certification could be issued, as Petitioner raises the same argument in the current successive petition as in his previous petition. Accordingly, this Court lacks the authority to consider the present petition.

Petitioner's § 2255 petition (Dkt. No. 1) is DISMISSED with prejudice. The Clerk is directed to CLOSE this case and send a copy of this order to Petitioner.

DATED this 22nd day of March 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE