THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEVIN CAMPBELL, | CASE NO. C18-0274-JCC |
| Petitioner, | ORDER |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

This matter comes before the Court on Petitioner Kevin Campbell's motion to vacate, set aside, or correct his sentence, under 28 U.S.C. § 2255, and motion to appoint counsel (Dkt. No. 14). Petitioner pled guilty to distribution of controlled substances. *See United States v. Campbell*, Case No. CR17-0025-JCC, Dkt. Nos. 9, 12 (W.D. Wash. 2017). On August 8, 2017, Petitioner was sentenced to 72 months of imprisonment, followed by 3 years of supervised release. *Id.* at Dkt. No. 36.

Before directing service and answer to a habeas corpus petition, the Court must determine whether the motion, the files, and the records of the case "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). In his plea agreement, Petitioner waived "[a]ny right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation." *United States v. Campbell*, Case No. CR17-0025-JCC, Dkt. No. 9 at 12 (W.D. Wash. 2017). Petitioner raises four

potential grounds for relief—(1) involuntariness of his plea agreement; (2) ineffective assistance of counsel; (3) unconstitutional sentence imposed; and (4) "post-incarceration rehabilitation." (*See* Dkt. No. 14.)

The Ninth Circuit has upheld the enforceability of a knowing and voluntary waiver of the right to bring a collateral attack for pre-plea constitutional violations. *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993). However, such a waiver does not preclude a § 2255 claim for involuntariness of waiver. *Id.* The record does not conclusively show that Petitioner is entitled to no relief on this ground. Therefore, service on Petitioner's involuntariness of waiver claim is proper.

Petitioner's plea agreement waives any right to bring a collateral attack, "except as it may relate to the effectiveness of legal representation." *See United States v. Campbell*, Case No. CR17-0025-JCC, Dkt. No. 9 at 12 (W.D. Wash. 2017). With that ground for relief, the record does not conclusively show that Petitioner is entitled to no relief. Therefore, service on Petitioner's ineffective assistance of counsel claim is proper.

Although a petitioner is generally precluded from challenging sentencing errors on a § 2255 petition, "[e]xception has frequently been made for constitutional questions." *See United States v. Schlesinger*, 49 F.3d 483, 485 (9th Cir. 1994). Because Petitioner's third ground raises the constitutionality of a component of his sentence, service on ground three is proper.

Petitioner's fourth ground is titled "post-incarceration rehabilitation." (*See* Dkt. No. 14.) On this ground, Petitioner appears to argue that the Court should consider his good behavior during incarceration when it resentences Petitioner. (*Id.* at 30–31.) The Court does not view this as a ground for relief under § 2255, but a reason to reduce Petitioner's sentence, should the Court grant Petitioner's underlying § 2255 motion. Therefore, this argument is untimely. If the Court grants Petitioner's § 2255 motion, Petitioner should raise this argument at a later proceeding. Therefore, service on ground four is improper and this ground is DISMISSED.

Finally, Petitioner requests the appointment of counsel and an evidentiary hearing. (*See*

Dkt. No. 14-1 at 31.) There is no general right to have counsel appointed in cases brought under 28 U.S.C. § 2255 unless an evidentiary hearing is required. *See Terrovona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988). The Court may exercise its discretion to appoint counsel for a financially eligible individual where the "interests of justice so require." 18 U.S.C. § 3006A. At this time, the Court does not find that an evidentiary hearing will be necessary and therefore, Petitioner's request to appoint counsel is DENIED.

Accordingly, the Court ORDERS as follows:

1. The Clerk shall direct a copy of this order to Petitioner.
2. If not previously accomplished, electronic posting of this order and petition shall effect service upon the United States Attorney of copies of the § 2255 motion and of all documents in support thereof.
3. Within 45 days after such service, the United States shall file and serve an answer in accordance with Rule 5 of the Rules Governing Section 2255 Cases in United States District Courts. As part of such answer, the United States should state its position as to whether an evidentiary hearing is necessary, whether there is any issue as to abuse or delay under Rule 9, and whether Petitioner's motion is barred by the statute of limitations.
4. On the face of the answer, the United States shall note the answer for consideration on the fourth Friday after it is filed, and the Clerk shall note the answer accordingly. Petitioner may file and serve a reply to the answer no later than that noting date.
5. The Clerk is DIRECTED to terminate Docket Number 7 as moot.

DATED this 8th day of April 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C18-0274-JCC
PAGE - 3