THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEVIN CAMPBELL, | CASE NO. C18-0274-JCC |
| Petitioner, | ORDER |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

This matter comes before the Court on Petitioner Kevin Campbell's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Dkt. No. 14). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby DENIES the motion for the reasons explained herein.

## I. BACKGROUND

In February 2017, Petitioner pled guilty to one count of distribution of controlled substances. *United States v. Campbell*, CR17-0025-JCC, Dkt. No. 9 (W.D. Wash. 2017). As part of his plea agreement, Petitioner admitted that he sold drugs through the website Silk Road to dozens of clients, including J.M. *Id*. at 5. Petitioner admitted this included the sale of China White heroin, which he sold to J.M. in 2013. *Id*. Petitioner also admitted that J.M. presumably ingested the drugs that Petitioner sold him, and subsequently died of a drug overdose. *Id*. at 5–6. As part of his plea agreement, Petitioner agreed to waive all rights to directly appeal the sentence

imposed by the Court, including any fine, restitution order, probation or supervised release condition, or forfeiture order. *Id.* at 11–12. The waiver includes any right to bring a collateral attack against the conviction and sentence that he received, except as it may relate to ineffective assistance of counsel. *Id.*

In August 2017, the Court sentenced Petitioner to 72 months in prison. *Campbell*, CR17-0025-JCC, Dkt. No. 36. Over the objection of Petitioner's former counsel, Jennifer Wellman, the Court found that, for the purpose of sentencing considerations, the drugs Petitioner sold J.M. caused his death. *See Campbell*, CR17-0025-JCC, Dkt. No. 37; (*See also* Dkt. No. 16-3 at 26.) Following his sentencing, Petitioner filed a notice of appeal in the Ninth Circuit. *Campbell*, CR17-0025-JCC, Dkt. No. 41. The grounds for Petitioner's appeal are not known to the Court. Petitioner was subsequently granted a substitution of counsel by the Ninth Circuit, and attorney Eric Levin took over Petitioner's case. *Campbell*, CR17-0025-JCC, Dkt. No. 45. Subsequently, Petitioner voluntarily withdrew his appeal, and the same day filed a motion to withdraw his guilty plea in this Court, which was denied. *Campbell*, CR17-0025-JCC, Dkt. Nos. 50, 54. Petitioner now brings what the Court considers to be his first petition for habeas corpus relief. (Dkt. No. 14.)

## II. DISCUSSION

### A. Legal Standard

To state a cognizable claim under 28 U.S.C. § 2255, a petitioner must assert that he or she is in custody in violation of the Constitution or laws of the United States, that the district court lacked jurisdiction, that the sentence exceeded the maximum allowed by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall grant a prompt hearing thereon." 28 U.S.C. § 2255(b). A claim must be "so palpably incredible or patently frivolous as to warrant summary dismissal" in order to justify the refusal of an evidentiary hearing. *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003) (quoting

*United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)). Plaintiff alleges three separate grounds for relief: (1) Petitioner's plea was not intelligently entered into because he was coerced into the plea by Ms. Wellman's failure to investigate the cause of J.M.'s death; (2) Mr. Levin rendered ineffective assistance of counsel by withdrawing Petitioner's appeal to the Ninth Circuit; and (3) the conditions of his supervised release are unconstitutionally vague and overbroad.

### B. Knowing and Intelligent Plea

Petitioner asserts that he did not enter into his plea intelligently because he was coerced into entering into the plea. (Dkt. No. 14 at 4.) Petitioner alleges that this coercion was based on Ms. Wellman's inadequate assistance of counsel because of her failure to conduct an adequate investigation into J.M.'s cause of death. (*Id.*) A plea is not entered into intelligently "if the defendant is without the information necessary to assess intelligently the advantages and disadvantages of a trial as compared with those attending a plea of guilty." *United States v. Hernandez*, 203 F.3d 614, 619 (9th Cir. 2000).

However, Petitioner was given substantial information regarding J.M.'s death when deciding whether to enter into a plea agreement. Ms. Wellman hired an expert pathologist to independently review the circumstances of J.M.'s death. *Campbell*, CR17-0025-JCC, Dkt. No. 29 at 19–24. This expert explicitly mentioned the chain of custody concern that Petitioner mentions in his petition. (*Id.* at 20–21.) Petitioner also had access to J.M.'s autopsy records, toxicology reports, and the findings of other experts who conducted an examination into J.M.'s death. *See Campbell*, CR17-0025-JCC, Dkt. Nos. 28, 29. Petitioner had the necessary information to assess the strengths and weaknesses of the Government's case for proving that the drugs Petitioner sold J.M. caused J.M.'s death. With this information, Petitioner ultimately decided to enter into a plea agreement to avoid being charged with the sentencing enhancement that his sale of drugs to J.M. caused J.M.'s death. *Campbell*, CR17-0025-JCC, Dkt. No. 9. When asked at his plea hearing whether he had entered into his plea agreement intelligently, Petitioner

answered that he did. (Dkt. No. 16-2 at 19.) When asked at his plea hearing whether he had the information necessary to intelligently enter into his plea, Petitioner answered that he did. (*Id*. at 18–19.) And when asked if he had an additional questions for Ms. Wellman or any need for additional information, he answered that he did not. (*Id*.) For these reasons, the Court finds that Petitioner's plea was entered intelligently, and DENIES Petitioner's motion for relief on this ground.

### C. Ineffective Assistance of Counsel

#### 1. *Ineffective assistance of trial counsel*

Though Petitioner characterizes his first ground for relief as unintelligently entering into his plea, the Court also analyzes Petitioner's claim as one for ineffective assistance of counsel. (*See* Dkt. No. 14.) Petitioner claims that Ms. Wellman provided ineffective assistance of counsel by failing to fully investigate the cause of J.M.'s death. (*Id*. at 4.) In order to show ineffective assistance of counsel, Petitioner must prove that: (1) counsel's performance was professionally unreasonable, and (2) any "deficienc[y] in counsel's performance [was] prejudicial to the defense." *Strickland v. Washington*, 466 U.S. 668, 691–92 (1984).

Petitioner fails to meet both prongs of the *Strickland* test. Petitioner alleges that Ms. Wellman conducted an inadequate investigation in order to show that Petitioner was not responsible for the death of J.M. (Dkt. No. 14 at 4.) But the plea agreement that Ms. Wellman negotiated on behalf of Petitioner includes the express provision that the Government would forego charging Petitioner for the death of J.M. *Campbell*, CR17-0025-JCC, Dkt. No. 9 at 3–4. A conviction for distribution of controlled substance with the sentencing enhancements of a prior conviction and death or great bodily injury would have resulted in a 360-month mandatory minimum sentence. 21 U.S.C. § 841(b)(1)(C). Instead, the Government agreed to seek a sentence of no greater than 120 months. *Campbell*, CR17-0025-JCC, Dkt. No. 9 at 7. Had Petitioner rejected the plea deal that Ms. Wellman negotiated, the Government would have been free to pursue all applicable sentencing enhancements at trial. *Id.* For these reasons, the Court finds that

Ms. Wellman's investigation into J.M.'s death and subsequent ability to negotiate a plea deal in which the Government agreed not to charge Petitioner with causing the death of J.M. was not professionally unreasonable.

Petitioner further fails to show that he suffered any prejudice from Ms. Wellman's alleged failure to investigate the chain of custody. Petitioner received a sentence of six years, well below the sentencing guideline range for his offense score, and less than a third of the 20-year mandatory minimum he could have faced. *See Campbell*, CR17-0025-JCC, Dkt. No. 36. Petitioner has provided no evidence to support an allegation that Petitioner would have received a lighter sentence if Ms. Wellman had questioned the samples' chain of custody more forcefully then she already did. For these reasons, Petitioner's motion for relief on this ground is DENIED.

### 2. *Ineffective assistance of appellate counsel.*

Petitioner argues that Mr. Levin rendered ineffective assistance of counsel by withdrawing Petitioner's notice of appeal to the Ninth Circuit. (Dkt. No. 14 at 5.) Petitioner argues that Mr. Levin's failure to pursue an appeal that Defendant would otherwise have pursued is presumptively prejudicial. *See Roe v. Flores-Ortega*, 528 U.S. 470, 471–72 (2000); *see also Garza v. Idaho*, 139 S.Ct. 738, 742 (2019). In *Garza*, the Court held that even if the defendant has waived his right to appeal on most grounds, the defendant need not present meritorious grounds for appeal in order to allege ineffective assistance of counsel for preventing the Petitioner from filing a notice of appeal. *Id*.

But the cases Petitioner cites are distinguishable from his own. Ms. Wellman did file a notice of appeal with the Ninth Circuit. *Campbell,* CR17-0025-JCC, Dkt. No. 41. After substitution, Mr. Levin maintained the appeal until voluntary dismissal. *Campbell,* CR17-0025-JCC, Dkt. No. 55. Petitioner signed the motion to withdraw, consenting to the appeal's voluntary dismissal. *Campbell,* CR17-0025-JCC, Dkt. No. 54 at 2. Petitioner chose to file a *pro se* motion to withdraw his guilty plea with this Court the same day he chose to voluntarily dismiss his notice of appeal. *Campbell,* CR17-0025-JCC, Dkt. Nos. 51, 54. Mr. Levin's advice, likely based

on the appeal waiver, that Petitioner should withdraw his appeal, and Petitioner's subsequent decision to follow that advice, is not the same as Mr. Levin preventing Petitioner from filing an appeal. *See Roe*, 528 U.S. at 471–72; *see also Garza*, 139 S.Ct. at 742. Mr. Levin's advice to withdraw the notice of appeal is not presumptively prejudicial.

Nor were Mr. Levin's actions professionally unreasonable under *Strickland*. *See Strickland*, 466 U.S. at 691–92. Petitioner was barred from directly appealing his sentence, fine, restitution order, probation or supervised release conditions, and forfeiture order by the terms of the plea agreement. *See Campbell,* CR17-0025-JCC, Dkt. No. 9. Though the grounds for Petitioner's appeal are unknown, appeal on any grounds barred by the plea agreement could be cause for rescission of the plea agreement, and could lead the Government to re-charge Petitioner, including with the great bodily injury or death sentencing enhancement he had successfully avoided through his plea deal. *Id*. Mr. Levin's advice to withdraw the notice of appeal in light of the appeal wavier is not professionally unreasonable. And, Petitioner cannot show prejudice under the second prong of *Strickland*. *See Strickland*, 466 U.S. at 691–92. Petitioner has not articulated any basis for appeal, nor has he demonstrated how such an appeal would not be precluded by the plea agreement. (*See* Dkt. No. 14.) He has also not shown that he was entitled to relief by the Ninth Circuit. For these reasons, the Court finds that Mr. Levin did not render ineffective assistance of counsel, and DENIES Petitioner's motion for relief on this ground.

### D. Conditions of Supervised Release

Petitioner asserts that the conditions of his supervised release are unconstitutionally overbroad and vague, and that Petitioner did not receive notice of the conditions in time to object to them. (Dkt. No. 14 at 7.) The special conditions of supervised release that the Government sought to impose were contained in the report of probation services, which was circulated to the parties two weeks before the sentencing hearing. (*See* Dkt. No. 16 at 33); *Campbell,* CR17-0025-JCC, Dkt. No. 20 at 2. The standard conditions the Government sought to impose were contained

in the proposed judgment and sent to defense counsel two weeks before the sentencing hearing. (Dkt. Nos. 18-1, 18-2.) At the sentencing hearing, Petitioner was asked if he had received, and had an opportunity to read and comment on, the report produced by probation. (Dkt. No. 16-3 at 3.) Ms. Wellman stated that he had. (*Id.*) Neither Ms. Wellman nor Petitioner objected to the supervised release conditions at sentencing. (*See* Dkt. No. 16-3.) Therefore, the Court finds that Petitioner did have adequate time to review and object to the proposed conditions of supervised release.

Further, Petitioner has waived any right to bring a collateral attack against the conviction and sentence imposed, except as it may relate to the effectiveness of legal representation. *Campbell,* CR17-0025-JCC, Dkt. No. 9. Petitioner has not asserted that the imposition of the conditions of supervised release were imposed as a result of ineffective assistance of counsel. (*See* Dkt. No. 14.) Petitioner instead argues that despite such waiver, he may challenge a condition of supervised release as a violation of due process on the grounds of unconstitutional vagueness. *See United States v. Adkins*, 743 F.3d 176, 192 (7th Cir. 2014); *see also United States v. Soltero*, 510 F.3d 858, 865–66 (9th Cir. 2007).

"A [condition of supervised release] violates due process of law if it either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." *United States v. Hug*, 384 F.3d 762, 768 (9th Cir. 2004). Though Petitioner alleges that several conditions of supervised release are invalid on constitutional grounds, Petitioner does not allege that any of the conditions are unconstitutionally vague. (*See* Dkt. Nos. 14, 14-1.) Petitioner also does not allege that he or a reasonable individual must guess as to whether conduct is prohibited by the probation conditions. (*See id.*) Petitioner's claims on other constitutional grounds are therefore barred by the terms of the plea agreement. *See Adkins*, 743 F.3d at 176 ("Nor is there a general constitutional-argument exception to waivers in plea agreements . . . Thus, it remains generally unproblematic to knowingly waive a constitutional right or to lose a constitutional right.").

## III. CONCLUSION

For the foregoing reasons, Petitioner's motion for habeas corpus relief (Dkt. No. 14) is DENIED.

DATED this 18th day of July 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE